# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **MICHAEL I. LAWRENCE,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:15CV00692 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **STEVEN B. FRANKLIN, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Michael I. Lawrence, Pro Se Plaintiff.*

Michael I. Lawrence, a Virginia inmate proceeding pro se, filed a pleading titled "Temporary Restraining Order," seeking an order of protection from certain Red Onion State Prison officials. Lawrence alleges that various officers have unlawfully retaliated against him for testifying on behalf of fellow inmate Denis Rivera during the trial of Rivera's civil case on November 5, 2015. Liberally construing his submission, the court treated it as a civil rights action pursuant to 42 U.S.C. § 1983. Because Lawrence has not prepaid the requisite filing fee, I will assume for purposes of this opinion that he is seeking to proceed in forma pauperis. Upon review of the record, I find that the action must be summarily dismissed without prejudice based on Lawrence's many prior civil actions that have been dismissed.

The Prison Litigation Reform Act of 1995 substantially amended the in forma pauperis statute, 28 U.S.C. § 1915.  The purpose of the Act was to require all prisoner litigants suing government entities or officials to pay filing fees in full, either through prepayment or through installments withheld from the litigant's inmate trust account.  § 1915(b).  Section 1915(g) denies the installment payment method to prisoners who have "three strikes" — those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim, unless the three-striker inmate shows "imminent danger of serious physical injury."  § 1915(g).

Lawrence has brought such actions or appeals on three or more prior occasions.  *See, e.g., Lawrence v. Johnson*, 7:04CV00120 (W.D. Va. Apr. 22, 2004) (civil action dismissed under § 1915(g)), *appeal dismissed*, No. 7126 (4th Cir. Oct. 15, 2004) (dismissed under § 1915(g)) (ECF No. 22).  Accordingly, Lawrence may proceed in forma pauperis (without prepayment of the filing fee) only if he shows that he faces imminent danger of serious physical injury.  § 1915(g).

In his current Complaint, Lawrence makes no such showing.  He alleges vaguely that officers have retaliated against him for his testimony at Rivera's civil trial by making unspecified verbal threats to harm him; on occasion, refusing him meal trays, recreation, or showers; bringing unspecified false disciplinary charges;

-2-

Case 7:15-cv-00692-JPJ-RSB   Document 3   Filed 12/30/15   Page 2 of 3   Pageid#: 30

taking his personal television and radio; and otherwise harassing him in unspecified ways. These allegations about officials' past actions and verbal threats and merely conclusory assertions of retaliation are simply not sufficient to show that Lawrence is in imminent danger of future physical harm.[1]

Because the records reflect that Lawrence has at least three strikes under § 1915(g) and he has not demonstrated that he is in imminent danger of physical harm, I must deny him the opportunity to proceed in forma pauperis and dismiss the complaint without prejudice under § 1915(g).

A separate Final Order will be entered herewith.

DATED: December 30, 2015

/s/ James P. Jones
United States District Judge

---

[1] For the same reasons, Lawrence is not entitled to any form of interlocutory injunctive relief based upon these allegations. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (holding that interlocutory injunctive relief requires showing that plaintiff is likely to suffer irreparable harm in absence of requested relief).